UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREAU GERALD WILSON, | No. 2:16-cv-2703 CKD P |
| Petitioner, | |
| v. | ORDER |
| SAN QUENTIN PRISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. (ECF Nos. 6 & 7.) Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner challenges his 1998 conviction. It is not clear from the petition what claims he is asserting or the legal/factual basis for any such claims.

Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977). Allegations in a petition that are vague, conclusory, or

1

palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, the petition does not meet the pleading requirements of Rule 2(c) and so will be dismissed. Petitioner will be granted thirty days to file an amended petition that complies with Rule 2(c) and all other applicable rules. To clarify what claims he seeks to bring under § 2254, petitioner may attach his state court briefs and/or state court decisions on those claims.

In addition, it is not clear whether petitioner has exhausted his federal claims in the California Supreme Court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). While petitioner indicates that he has appealed his conviction to the state supreme court, he does not specify the claims brought, the date of decision, or any other information about the state supreme court proceeding. In any amended petition, petitioner should include this information.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis is granted;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition," and failure to timely amend will result in dismissal of this action; and

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: January 26, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / wils2703.R2(c)

---

[1] By setting this deadline, the court is making no finding or representation that the petition is not subject to dismissal as untimely.